UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE L. TORRES,

                              Petitioner,

                                                                           Case # 24-CV-6318-FPG

v.                                                                           DECISION AND ORDER

SUPERINTENDENT A. TITUS,

                              Respondent.
_____

## INTRODUCTION

*Pro se* Petitioner Jose L. Torres brought two habeas petitions challenging his state-court conviction for second-degree murder. Case No. 24-CV-6318, ECF No. 1; Case No. 24-CV-6305, ECF No. 1. The two habeas petitions have been consolidated for disposition pursuant to 28 U.S.C. § 2254. Case No. 24-CV-6318, ECF Nos. 14, 15. Respondent moves to dismiss the consolidated petition due to Petitioner's failure to exhaust his claims. Case No. 24-CV-6318, ECF No. 19. For the reasons that follow, Respondent's motion is GRANTED, and Petitioner's consolidated petition is DISMISSED WITHOUT PREJUDICE.

## DISCUSSION

In May 2002, Petitioner was convicted of second-degree murder. Case No. 24-CV-6318, ECF No. 19-4 at 56. In January 2016, Petitioner moved to vacate his conviction on the basis of newly discovered evidence. *See* Case No. 24-CV-6318, ECF No. 19-5 at 235-61. In August 2016, Supreme Court Justice Francis A. Affronti granted Petitioner's motion and ordered a new trial. *See id.* at 317-32. The retrial was held in December 2016, after which Petitioner was again convicted of second-degree murder. *See* Case No. 24-CV-6318, ECF No. 19-7 at 1567-68. On

1

January 24, 2017, Justice Affronti sentenced Petitioner to an indeterminate term of imprisonment of twenty-five years to life. *See id.* at 1593; Case No. 24-CV-6318, ECF No. 19-6 at 102.

Since his conviction, Petitioner has been pursuing post-conviction relief in state court, including by way of a Section 440.10 motion, a state habeas petition, and direct appeal. Although Petitioner's direct appeal remains pending, he filed the petitions in this Court seeking relief. Given Petitioner's pending appeal, however, the Court will dismiss the consolidated petition, without prejudice to refiling upon the completion of his pending state-court proceedings.

"Before a federal district court may grant habeas relief to a state prisoner under 28 U.S.C. § 2254, the petitioner must demonstrate that he has exhausted the remedies available in the courts of the State for *each* of the grounds raised in his petition." *Herring v. McCarthy*, 635 F. Supp. 3d 219, 220 (W.D.N.Y. 2022) (internal quotation marks omitted; emphasis added). In this case, Petitioner concedes that he has not exhausted all of the claims in his consolidated petition, *see* Case No. 24-CV-6318, ECF No. 25 at 1-2, and he does not dispute that his direct appeal remains pending. As a result, this Court may not "adjudicate [his] petition." *Herring*, 635 F. Supp. 3d at 220.

To avoid this result, Petitioner argues that he should be excused from the exhaustion requirement.[1] Section 2254 "provides some circumstances where a federal court may reach the merits of a habeas petition notwithstanding the petitioner's failure to exhaust state-court remedies." *Hayon v. Reardon*, No. 20-CV-4668, 2021 WL 3774199, at *7 (E.D.N.Y. Aug. 24, 2021). Specifically, the "exhaustion requirement may be excused if (i) there is an absence of available

---

[1] Petitioner seeks to excuse his failure to exhaust with respect to both the claims raised in his direct appeal, and the claims raised in other post-conviction applications. The Court may assume, without deciding, that the claims raised in Petitioner's other applications may be excused from the exhaustion requirement. Even granting that assumption, Petitioner has failed to show that the claims raised in his direct appeal should be similarly excused. As a result, the consolidated petition is, at best, a "mixed petition," which remains subject to dismissal without prejudice. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004).

2

State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the petitioner." *Id.* (internal quotation marks and brackets omitted). Petitioner contends that exhaustion should be excused for three reasons. *See* Case No. 24-CV-6318, ECF No. 25 at 2; Case No. 24-CV-6318, ECF No. 27 at 5-7. None is sufficient.

First, Petitioner asserts there has been "unnecessary delay with the assignment of counsel and the perfection of the direct appeal." Case No. 24-CV-6305, ECF No. 1 at 7. The Second Circuit has "recognized that a failure to exhaust may be excused . . . where there has been substantial delay in the state criminal appeal process." *Roberites v. Colly*, 546 F. App'x 17, 19 (2d Cir. 2013) (summary order). "In assessing whether delay excuses exhaustion, a court properly considers the criteria articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), regarding the right to a speedy trial, including (1) the length of the delay, (2) the reason for the delay and the party responsible, (3) whether petitioner asserted his right to a decision, and (4) ensuing prejudice." *Id.* "[N]o one factor is dispositive and all are to be considered together with the relevant circumstances." *Wells v. Miller*, No. 21-CV-11231, 2023 WL 2647891, at *7 (S.D.N.Y. Mar. 27, 2023). Taken together, these factors do not weigh in Petitioner's favor.

To be sure, the Court shares Petitioner's concerns regarding the significant delays in the appellate process—Petitioner's appeal was initially opened in January 2017 and the most recent action was the assignment of new counsel in August 2023. *See* Case No. 24-CV-6318, ECF No. 19-6 at 112-121. But much of the delay cannot be attributed to the government. Initially, Petitioner was assigned counsel through the public defender's office, *id.* at 112, but in November 2018, he retained his own counsel, *id.* at 115. Thereafter, it does not appear that retained counsel took any action to further Petitioner's direct appeal. Instead, counsel filed a Section 440.10 motion. *See* Case No. 24-CV-6318, ECF No. 19-5 at 404. New counsel was then retained in August 2022,

3

Case No. 24-CV-6318, ECF No. 19-6 at 109, but he too failed to take any action on the direct appeal. It was not until July 2023—after the disposition of the counseled Section 440.10 motion—that Petitioner submitted a new *in forma pauperis* motion to the Appellate Division, Fourth Department, and new counsel was appointed in connection with the direct appeal. *See id.* at 117-21; Case No. 24-CV-6318, ECF No. 19-5 at 514-25. Therefore, much of the delay is attributable to Petitioner and his retained attorneys. *See, e.g.*, *Daum v. Eckert*, No. 17-CV-239, 2020 WL 5040596, at *5 (E.D.N.Y. Aug. 26, 2020) (reasoning that delays "attributable to [the petitioner] and his retained counsel" could not "be fairly charged to the State as a basis for excusing [his] failure to exhaust state remedies"); *Ray v. Titus*, No. 22-CV-307, 2023 WL 8006617, at *4 (W.D.N.Y. Mar. 28, 2023) ("[A]n individual attorney's failure to perfect an appeal does not render the process futile."). Furthermore, there is no indication that Petitioner took any steps to alert the Appellate Division of the delay and seek appropriate relief.[2] *See* Case No. 24-CV-6318, ECF No. 19-2 at 3. Nor has Petitioner articulated any prejudice arising from the delay.

For these reasons, the Court cannot conclude that the delays associated with Petitioner's direct appeal excuse exhaustion. *Accord Ray*, 2023 WL 8006617, at *6.

Second, Petitioner contends that Justice Affronti's August 2016 Order vacating his conviction was never properly filed, preventing him from seeking to raise certain challenges to his conviction. *See, e.g.*, Case No. 24-CV-6305, ECF No. 1 at 7; *see generally* Case No. 24-CV-6318, ECF No. 1. This assertion finds no support in the record. To the contrary, Justice Affronti's order includes a clear stamp of filing with the date and time. *See* Case No. 24-CV-6318, ECF No. 19-5 at 317-32. Moreover, Justice Affronti sent copies of the order to the parties, *id.* at 316, and

---

[2] It does appear that Petitioner complained about the delays attendant to his Section 440 petition, but no similar evidence exists with respect to his direct appeal. *See* Case No. 24-CV-6318, ECF No. 19-6 at 110.

4

reiterated his decision on the record at the next appearance with Petitioner, Case No. 24-CV-6318, ECF No. 19-7 at 285.  The Court can discern no basis to conclude that Petitioner would be unable to challenge his conviction via direct appeal due to any purported filing defect in the August 2016 Order.[3]  Furthermore, Petitioner's confusion over this matter does not constitute a valid excuse for exhaustion.[4]  *Cf. Perry v. Sheahan*, No. 16-CV-517, 2016 WL 6093997, at *3 (W.D.N.Y. Oct. 19, 2016) ("Petitioner's frustration at his difficulty navigating the procedural requirements pro se, and at the time required to do so correctly, is understandable, but . . . it cannot excuse his failure to exhaust.").

Third and finally, Petitioner suggests that exhaustion should be excused because he is actually innocent.  Case No. 24-CV-6318, ECF No. 25 at 5.  This does not excuse the exhaustion requirement.  *See Williams v. Argento*, No. 18-CV-1080, 2019 WL 2124506, at *3 (W.D.N.Y. May 15, 2019) ("[A]ctual innocence does not negate the requirement that state courts be given a chance to consider an issue before a federal court does.").

---

[3] To the extent Petitioner is arguing that, although he had notice of the decision, he did not receive a specific "Notice of Entry" pertaining to the decision, his argument remains meritless.  "[S]ervice of 'Notice of Entry' triggers an aggrieved party's time to appeal or to move for permission to appeal a judgment or order in a New York civil case, *see* New York Civil Practice Law & Rules (C.P.L.R.) § 5513, but not in a criminal case.  For criminal appeals as of right, there is no such trigger." *Saladeen v. Chappius*, No. 16-CV-180, 2017 WL 2665929, at *2 (W.D.N.Y. June 20, 2017).

[4] Petitioner's confusion seems to arise in part from a letter he received in April 2018 from former counsel, who theorized that, because no party ever served a "Notice of Entry" of Justice Affronti's denial of the actual-innocence claim, Petitioner may still have time to appeal that ruling.  *See* Case No. 24-CV-6305, ECF No. 1-1 at 2.  *But see* note 3, *supra*.  Petitioner seems to interpret counsel's argument for the opposite proposition: that the denial of the acutual-innocence claim is "not appealable."  Case No. 24-CV-6305, ECF No. 1 at 9.

Petitioner also expresses confusion regarding his copy of the sentencing transcript, suggesting that it has been "altered."  Case No. 24-CV-6318, ECF No. 1 at 7.  While it appears that Petitioner may have received a copy that was not properly scanned, the sentencing transcript filed on the Court's docket contains no such alterations.  *Compare* Case No. 24-CV-6318, ECF No. 19-6 at 45-67, *with* Case No. 24-CV-6318, ECF No. 19-7 at 1571-94.  One state-court judge pointed out the scanning error to Petitioner, *see* Case No. 24-CV-6318, ECF No. 19-6 at 92, but Petitioner misinterprets the judge's comment to mean that his conviction is somehow invalid or cannot be challenged in state court.  *See* Case No. 24-CV-6305, ECF No. 1 at 13.

Having concluded that the consolidated petition contains unexhausted claims, and that Petitioner is not excused from the exhaustion requirement as to said claims, the Court must determine the appropriate remedy. Where a habeas petition contains unexhausted claims, "a district court may proceed in one of four ways, depending on the circumstances: (1) dismiss the petition without prejudice so that the petitioner may exhaust his unexhausted claims; (2) stay the petition to allow the petitioner to return to state court and exhaust his claims; (3) allow the petitioner to delete the unexhausted claims and proceed with only his exhausted claims; or (4) deny the petition on the merits." *Guerriero v. Montagari*, No. 23-CV-1285, 2025 WL 218787, at *3 (E.D.N.Y. Jan. 16, 2025).

In this case, dismissal without prejudice is the appropriate remedy. There is no prejudice in requiring Petitioner to completely exhaust his claims before returning to federal court. The most salient risk of dismissal—the running of the statute of limitations—is not present here, because Petitioner's limitations period has been tolled while his "properly filed application[s] for State post-conviction or other collateral review," including his direct appeal, have been pending. 28 U.S.C. § 2244(d)(2). Furthermore, Petitioner does not request a stay and does not seek to withdraw his unexhausted claims.

Therefore, the Court will dismiss the matter without prejudice to allow Petitioner to exhaust his claims in state court, after which he may return to federal court.

## CONCLUSION

Respondent's motion to dismiss (ECF No. 19) is GRANTED, and the consolidated petition is DISMISSED WITHOUT PREJUDICE.  The Clerk of Court shall enter judgment and close the case.  As a courtesy, the Court will send Petitioner copies of Justice Affronti's file-stamped August 24, 2016 Decision & Order, as well as a copy of the January 2017 sentencing transcript.

IT IS SO ORDERED.

Dated: September 4, 2025
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York